United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

04-40949

EDDIE PATTERSON,

Plaintiff-Counter Defendant-Appellee,

Versus

ALLSEAS USA, ET AL.

Defendants,

ALLSEAS MARINE CONTRACTORS SA,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court for the Eastern
District of Texas, Lufkin Division
No. 9:02-CV-175

ON PETITION FOR REHEARING

Before DAVIS, STEWART, and DENNIS Circuit Judges.

PER CURIAM:[1]

In their petition for rehearing, Allseas Marine Contractors
points out that we did not rule on their argument that the district
court erred in denying their counterclaim against Patterson for

---

[1]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

restitution of maintenance and cure payments it made to Patterson.

We grant rehearing on that issue and affirm the district court's dismissal of Allseas Marine Contractors' counterclaim.

I.

Eddie Patterson ("Patterson") filed this action against Allseas Marine Contractors, S.A. ("AMC") under the Jones Act, for injuries Patterson sustained when he fell down a stairway while working as a superintendent on AMC's vessel the LORELAY. Shortly after Patterson's injury, Allseas began making maintenance and cure payments to Patterson. Through discovery, AMC learned that Patterson had serious pre-existing back problems that AMC believed were the cause of his medical problems that he claimed resulted from his accident on the LORELAY. AMC also alleged that, had Patterson not concealed his medical history, AMC would not have hired him. Relying on McCorpen v. Central Gulf S.S. Corp., 396 F.2d 547 (5th Circ. 1968), AMC asserted a counterclaim against Patterson to recover the maintenance and cure payments already disbursed.

The district court rendered judgment in favor of Patterson on his Jones Act suit and awarded him $368,010.23 in damages, concluding that AMC was vicariously liable for Patterson's co-employee's failure to warn Patterson of the dangers associated with descending the LORELAY stairway with wet boots. The court also dismissed AMC's counterclaim to recover maintenance and cure.

We reversed the district court's damage award.[2]  We did not consider the issue of whether the district court properly dismissed AMC's counterclaim, and AMC sought rehearing on this issue, urging this court to find that a shipowner may recover amounts it pays to a seaman for maintenance and cure if it establishes the elements of McCorpen.

II.

Under McCorpen, a shipowner may deny maintenance and cure payments to a seaman if the shipowner can prove (1) the seaman intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the seaman; and (3) a causal connection exists between the withheld information and the injury complained of in the lawsuit. Id. at 548-549.  Thus, McCorpen allows a shipowner to deny maintenance and cure payments to a seaman when the shipowner discovers the seaman's fraudulent conduct and the connection between the misrepresentations and the decision to hire the seaman before maintenance and cure payments are disbursed.  The issue of whether a shipowner may affirmatively recover maintenance and cure payments it makes to a seaman if the shipowner makes these payments before learning of the seaman's deceptive conduct was not before the court in McCorpen, and we have not located a published appellate court decision addressing this issue.

_____

[2]Patterson v. Allseas USA, Inc., 2005 WL 1350594 (5th Cir. 2005).

-3-

AMC argues that it makes no sense to limit McCorpen to situations where the shipowner discovers the seaman's wrongdoing before beginning maintenance and cure payments. According to AMC this would reward a seaman who conceals his pre-employment condition long enough to receive such payments, which the shipowner is obliged to make shortly after the seaman is injured. Patterson contends that allowing a shipowner's claim against a seaman for restitution of maintenance and cure is inconsistent with the overriding policy of maritime law to protect the seaman as a ward of the court.

In light of the district court's finding that AMC failed to prove the elements of McCorpen, we decline to decide this difficult res nova issue on this record. Regarding AMC's proof that they would not have hired Patterson if it had known of his medical history, the court stated:

> In the first place that has not been proven by [AMC]. [Patterson] was one of only fifty people in the world who could fill the job of superintendent. There may be plenty of able seamen to choose from if one fails a physical. It seems more likely that greater leeway is allowed for such a skilled position which should not involved heavy lifting and which necessarily would be filled by older, more experienced applicants. R. 606.

Later in its ruling the district court indicates it is rejecting AMC's counterclaim as a matter of law rather than for failure of proof. In light of the district court's factual finding, however, that AMC failed to prove that they would not have hired Patterson had they known of his condition, we decline to

-4-

consider this <u>res nova</u> legal issue.  The record supports the district court's factual finding and we therefore affirm the dismissal of AMC's counterclaim based on this factual finding.

We therefore grant AMC's petition for panel rehearing solely on AMC's counterclaim against Patterson and affirm the district court's dismissal of that counterclaim.

The Petition for Panel Rehearing filed by appellant is DENIED.

No member of this panel nor judge in regular active service on the court having requested that the court be polled on appellee's petition for Rehearing En Banc, the Petition for Rehearing En Banc is also DENIED.